## AS TO INTERROGATORIES FOR DISCOVERY OF ADDITIONAL PARTIES.

Circuit Court of Hamilton County.

### CHARLES M. STANLEY v. I. M. MARTIN.*

Decided, December 24, 1909.

*Final Order—Sustaining of Demurrer to Interrogatories is not, When— Proceedings for Disclosure of Unknown Parties—Breach of Con- tract—Error—Sections 5099 and 6707.*

Where a petition declares against a single defendant, but alleges that the plaintiff was given to understand that the defendant was acting as agent or manager for others who were interested in the profits of the enterprise, the sustaining of a demurrer to interrrogatories attached to the petition wherein a disclosure was sought of the names of such unknown parties, does not constitute a final order, and error proceedings based on the sustaining of the demurrer will be stricken from the files.

*Hosea & Knight,* for plaintiff in error.
*Pogue & Pogue,* contra.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

Plaintiff in error filed his petition in the court of common pleas, alleging that he entered into a contract with the defend- ant in error, as general manager of Chester Park, Winton Place, in this county, to furnish, maintain and exhibit daily a sub- marine boat for a period of seventeen weeks, commencing May 9, 1908, or longer at the option of the defendant in error, for which defendant in error agreed to pay him the sum of forty dollars weekly, and that the contract was in writing, signed by the parties. A copy was attached to his petition. He further alleged that on the 13th day of June, 1908, defendant in error ordered him to cease further performances, and compelled him to remove his apparatus, and that there is due him on such con- tract the sum of $480, for which he asks judgment.

The petition also alleges that plaintiff in error was given to understand that the defendant in error was acting not only in

---

* For decision below, see *Stanley* v. *Martin,* 6 O. L. R., 628.

his own behalf but as agent and manager of others interested as owners of said park or in the profits arising therefrom, whose identity was not disclosed to plaintiff but whose names plaintiff asks leave to add to the petition as defendants when ascertained.

Plaintiff in error also annexed interrogatories to his petition which he asked to have answered by defendant in error under oath.

To these interrogatories plaintiff in error demurred, which demurrer was sustained by the trial court. No further proceedings were had in the court below, and error is prosecuted to this court to the sustaining of said demurrer.

Section 6707 defines a final order as "an order affecting a substantial right in an action when said order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment."

The interrogatories are attached under Section 5099, Revised Statutes, which permits a party to annex to his pleadings, other than a demurrer, interrogatories pertinent to the issue made in the pleadings, which interrogatories if not demurred to shall be plainly and fully answered under oath by the party to whom they are propounded.

It is evident, therefore, in determining this question, that we must look to the petition, together with the interrogatories, to ascertain whether or not the order sustaining the demurrer is such an order as is contemplated under Section 6707. The petition declares upon an amount due under a written contract entered into between plaintiff in error and defendant in error, as general manager of Chester Park, and alleges that defendant in error agreed to pay him a certain sum weekly during the life of the contract. It further alleged a breach on the part of the defendant in error, and claims there is due him on the contract a certain sum of money. It nowhere alleges that others than defendant in error were interested in said contract, or that persons other than defendant in error agreed to pay plaintiff in error, or that others than the defendant in error committed a breach of the contract. It nowhere alleges or sets up an action jointly against two or more defendants, which it is the duty of the plaint-

iff to allege and prove if he wishes to maintain such an action. *French* v. *Construction Co.*, 76 O. S., 509.

In this state of the record we think the order of the court below is not such a final order as affects a substantial right which determines the action and prevents a judgment, or is an order affecting a substantial right made in a special proceeding.

In our opinion, the petition as it stands is one against the defendant in error alone, and therefore, the order sustaining the demurrer to the interrogatories on the ground that they are not pertinent to the issue is merely an interlocutory one to which error will not lie at this stage of the case. *Armstrong, Receiver,* v. *Herancourt Brewing Company*, 53 O. S., 467; *Krause* v. *Stichtenoth*, 15 C. C., 199; *Newburg Petroleum* v. *Weare*, 44 O. S., 604; *Longstreth* v. *Halsey*, 4 C. C., 307.

The case at bar upon the record still stands in the court of common pleas and plaintiff in error's action may be proceeded with there against defendant in error.

An order may be taken striking the error proceedings from the files.